[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
David F. Egan, Esq., Defense Counsel, for Petitioner.
Robert O'Brien, Esq., Assistant State's Attorney for the State.
MEMORANDUM OF DECISION
BY THE DIVISION
After a plea of guilty petitioner was found guilty by the court of one count of escape from custody in violation of General Statutes Section 53-171(b).
For this conviction a sentence of ten years consecutive to a thirty year sentence imposed by the state of Oregon was imposed.
The facts underlying this conviction indicate that on November 16, 1983 petitioner together with other prisoners then incarcerated at the New Haven Correctional Center were being transported to GA-5 in Milford. Upon arrival, as the deputy sheriff opened the interior locked rear door of the van, the door was pushed violently from the inside by one of the prisoners knocking the sheriff off balance. At that time petitioner and another prisoner bolted from the van and attempted to escape. Petitioner and his companion had somehow removed their handcuffs and leg irons.
Another deputy sheriff chased after petitioner, shot and wounded him. Petitioner was recaptured within three hundred feet. Investigation revealed that petitioner had obtained a key for the handcuffs.
As a part of the "plea bargain" in this case other CT Page 2548 pending charges against petitioner were not prosecuted.
Petitioner's attorney argued that the sentence was excessive. He stated that petitioner's record was not too bad and that most of his prior convictions were for matters of minor significance. The attorney stated that attempted escape of this nature normally results in a sentence of about one year.
Speaking on his own behalf petitioner admitted that he really had been a menace to society but that he had used prison to rehabilitate himself. He submitted a letter from officials at the Carl Robinson Correctional Institution attesting to his good record for the past six months. (The function of this division is limited however, to considering the appropriateness of the sentence at the time it was imposed.)
The state's attorney argued against any reduction in sentence pointing out petitioner's extensive criminal record.
A review of the sentencing Judge's remarks indicate that to a large extent petitioner's past criminal record was the reason for the maximum sentence.
At the time of sentencing petitioner was thirty-two years of age with a criminal record that stretched back to age sixteen. He was serving thirty years for burglary in the first degree. While most of his prior convictions involve crimes against property, some involve the use of weapons and violence.
A judge has a duty to impose a sentence which will protect the public.
Considering all of the facts presented and in light of the statutes and the scope of review imposed by Practice Book Section 942, the sentence should not be modified.
The sentence is affirmed.
PURTILL, JUDGE
KLACZAK, JUDGE
STANLEY, JUDGE
Purtill, J., Klaczak, J., and Stanley, J. participated in this decision. CT Page 2549